IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTHA DOMINGUEZ, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. |
| MICRO CENTER SALES CORPORATION, A Delaware Corporation, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT**

**JURISDICTION AND VENUE**

1.     Plaintiff brings this action for unpaid overtime, monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*, This action is brought as a collective action pursuant 29 U.S.C. §216(b) and as a class action pursuant to F.R.C.P., Rule 23(b)(3).  This action is also brought for unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2.     The Court has jurisdiction of the federal claims under 28 U.S.C. §1331 and §1367.

3.     The Court has supplemental jurisdiction over the state law claims.

4. Venue is appropriate under 28 U.S.C. §1391, because Defendant, MICRO CENTER SALES CORPORATION, is a company doing business in the State of Illinois, including this County, and throughout the United States.

5. On July 11, 2011, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity commission (EEOC) and the Illinois Department of Human rights (IDHR). (A copy of the Plaintiff's Charge is attached hereto as Exhibit A.)

6. On August 20th 2011, the United States Department of Justice issued the Plaintiff a notice of right-to-sue on her EEOC Charge. The Plaintiff's Title VII cause of action is being filed within 90 days of the Plaintiff's receipt of her notice of right-to-sue.

7. Venue is also appropriate under 28 U.S.C. §1331(b)(2) because a substantial part of the events giving rise to these claims occurred in this County.

**PARTIES**

8. Plaintiffs include the individual named above, those who file consent forms with the Court and those who meet the class definition. Plaintiff Martha Dominguez is a resident of Cook County, Illinois.

9. Plaintiffs were, at all times relevant, Sales Consultants working at various Micro Center locations in the state of Illinois and throughout the United States.

10. Defendant managed Plaintiffs' work, including the amount of overtime required to be worked, in the Defendant's locations located in Cook County in the State of Illinois. The Defendant dictated, controlled and ratified the wage and hour policies and all related employee compensation policies of plaintiff and similarly situated employees in Defendant's offices in Illinois and at its offices located throughout the state of Illinois and the United States.

11. Plaintiff brings this action on behalf of herself and other past and present similarly situated employees pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") and on behalf of a state-wide class of plaintiffs in Illinois pursuant to F.R.C.P., Rule 23(b)(3); and a nationwide class of plaintiffs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

## GENERAL ALLEGATIONS

12. Plaintiffs have been employed as Sales Consultants for Defendant at Defendant's offices in Cook and other counties, in Illinois and throughout the United States. The Plaintiffs' primary duties were selling computer products. Sales Consultants at Defendant's offices in other locations had the same positions and duties to sell computer-related products.

13. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiffs and persons in other similarly titled positions (hereinafter referred to as "SC's" employed by, or formerly employed by Defendant.

14. This action is also brought as a class action to recover unpaid overtime compensation, unlawfully withheld wages, and other damages owed to Plaintiff and SC's by, or formerly employed by Defendant located in the State of Illinois.

15. This action is also brought as a class action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* To recover damages for unlawful employment practices and adverse employment actions taken against the plaintiff and other similarly situated persons based upon their gender.

16. During the statutory period, Plaintiffs and other SC's similarly situated routinely worked in excess of forty (40) hours per week without overtime compensation.

17. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* specifically § 207(a)(1). As a result of this unlawful practice, Plaintiff and the similarly situated employees suffered a loss of wages.

18. This practice violates both the provisions of the <u>Illinois Wage Payment and Collection Act</u>, 820 ILCS §115 *et seq*., and the <u>Illinois Minimum Wage Law</u>, 820 ILCS §105 *et. seq.*

19. Defendant failed to pay overtime wages and other benefits to Plaintiffs and SC's similarly situated during their employment by intentionally, willfully and improperly forcing plaintiff and others to work "stocking" shelves without pay in direct violation of federal law and in direct violation of the FLSA.

20. Defendant failed to pay overtime wages and other benefits to Plaintiffs and other SC's similarly situated during their employment by intentionally, willfully and improperly the failing to pay overtime to the position of SC for "stocking" work in direct violation of the <u>Illinois Wage Payment and Collection Act</u>, 820 ILCS §115 *et seq*., and the <u>Illinois Minimum Wage Law</u>, 820 ILCS §105 *et. seq.*

21. Defendant also routinely failed to promote women such as the Plaintiff. For example, Plaintiff was "passed over" for a "Sony Solutions Consultant" position and a "Dell Champion" position despite her six years of experience in computer sales. These positions were filled instead by men.

22. Defendant has a policy and practice of not promoting women, because it believes men to be more suited to selling electronics.

23. Plaintiff will immediately request the Court to authorize notice to all similarly situated SC's located across the State of Illinois and the United States informing them of this

action and their right to "opt-in" to this lawsuit pursuant to FLSA 29 U.S.C. §216(b), for the purpose of seeking overtime compensation and liquidated damages under Federal law.

24. Plaintiff will also request that the Court certify a class of SC's consisting of all SC's employed in Illinois pursuant to F.R.C.P., Rule 23(b)(3) for the purpose of seeking overtime compensation and other available damages under the <u>Illinois Wage Payment and Collection Act</u>, 820 ILCS §115 *et seq.*, and the <u>Illinois Minimum Wage Law</u>, 820 ILCS §105 *et. seq.*

25. Plaintiff will also request that the Court certify a class of SC's consisting of all female SC's who were discriminated against, and who suffered adverse employment actions in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

## COUNT I
### FAIR LABOR STANDARDS ACTION, 29 U.S.C. § 201 ET SEQ., UNPAID WAGES/OVERTIME

26. Plaintiffs repeat and re-allege paragraphs 1 through 19 as though fully set forth herein.

27. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiffs regularly worked more than 40 hours per week, but were not paid overtime. Defendant failed to pay overtime wages and other benefits to Plaintiffs and other similarly situated SC's by intentionally willfully and improperly denying them pay for "stocking" work, as calculated by their "commission" pay for selling computer equipment.

28. The foregoing actions of Defendant constitute violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

29. Defendant is liable to Plaintiffs and the similarly situated SC's for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b).

## CLASS ALLEGATIONS

30. Plaintiff also seeks to bring this lawsuit on behalf of herself and on behalf of all others similarly situated, subject to entry of an order certifying this cause as a class action pursuant to F.R.C.P., Rule 23(b)(3).

31. F.R.C.P. Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

   a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

   d. The representative parties will fairly and adequately protect the interests of the class; and,

   e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definition

32. Plaintiff seeks Rule 23 certification of the following classes:

   a. "All individuals who were employed by the Defendant, its subsidiaries and affiliated companies, as SC's or similarly situated employees, in the state of Illinois at any time during the relevant statute of limitations period who worked more than 40 hours in a week, but did not receive overtime pay."
   b. "All women who were employed by Defendant during the class period and who suffered adverse employment action because of their sex/gender as a result of a company-wide policy of gender discrimination"

33. Plaintiffs seek certification as a collective action for the following class:

   a. "All individuals who were employed by the Defendant, its subsidiaries and affiliated companies, as SC's or similarly situated employees at any time during the relevant statute of limitations period who worked more than 40 hours in a week, but did not receive overtime pay."

**Numerosity**

34. The Plaintiffs satisfy the numerosity standards. This lawsuit encompasses at least three hundred potential Illinois claimants. The proposed class can be identified and located using Defendant's payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon and/or published and broadcast notice.

**Common Questions of Fact or Law**

35. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether the class members worked overtime;

    b. Whether the Defendant conducted an analysis of class members' compensation before making them work uncompensated overtime;

    c. Whether the Defendant conducted an analysis of class members' duties and tasks before requiring them to work overtime or uncompensated "stocking";

    d. Whether the Plaintiffs worked in excess of 40 hours per week;

    e. Whether the Plaintiffs are expected to work in excess of 40 hours per week;

    f. Whether Defendant's practice violates the overtime provisions of Illinois State wage and/or labor laws;

    g. Whether the Defendant's failure to pay overtime was willful; and;

    h. Whether the Defendant failed to treat similarly situated women equally to men;

    i. Whether Defendant discriminatorily terminated women at a higher rate than men;

      j.    Whether the Defendant had a policy and practice of discriminating against women by not promoting them or giving them an equal opportunity to sales positions that had a higher wage;

    k.    Whether Plaintiffs and the class have suffered damages and the proper measure of those damages.

36.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

37.    Plaintiffs' claims are typical of the claims of the class members. Plaintiff suffered similar injuries as those suffered by other class members as a result of Defendant's failure to pay overtime.

### Adequacy

38.    The named Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT II
### Violations of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq*., and the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*

### OVERTIME

40. Plaintiff repeats and re-alleges the above paragraphs.

41. The Illinois Minimum Wage Law, 820 ILCS 105/4(a) requires that employees be paid at 1 and ½ times their normal rate of pay for each hour worked over 40 hours per week.

42. Plaintiff and the class regularly worked more than 40 hours per week during their employment, but were not paid overtime.

43. The foregoing actions of Defendant constitute violations of Illinois Law. Defendant's actions were willful and not in good faith.

44. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief and any other damages awarded by this court, pursuant to F.R.C.P., Rule 23(b)(3).

### FAILURE TO PAY WAGES EARNED

46. Plaintiff repeats and re-alleges the above paragraphs.

47. Illinois law provides that "every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." Illinois Wage Payment & Collection Act, 820 ILCS §115/3 *et seq*.

48. Defendant failed to pay the Plaintiffs and members of the Class overtime pay that was due and owing, which were wages earned during the semi-monthly pay period prescribed by law.

49. The foregoing actions of Defendant constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS §115/3 *et seq*. Defendant's actions were willful and not in good faith.

50. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and cost, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.* and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

## COUNT III – VIOLATIONS OF Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

51. Plaintiff repeats and re-alleges the above paragraphs.

52. On or about January 5th, 2011 Plaintiff was terminated from Defendant's employ.

53. Plaintiff was terminated because she requested, but did not receive promotions, despite her expertise in the field of computer and computer-related sales.

54. Specifically, Plaintiff complained to supervisors that despite her experience, less experienced men were being promoted ahead of her.

55. These complaints are documented in emails between Plaintiff and her direct supervisors.

10

56. In addition, female employees were paid less than male employees who were similarly situated.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, by her attorneys, demands judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Certify this as a collective action pursuant to 29 U.S.C. §216(b).

B. Order the Defendant to file with this Court and furnish to counsel a list of all names, addresses, social security numbers, e-mail addresses and telephone numbers of all Sales Consultants employed by Defendant who currently work or have worked for Defendant within the last six (6) years;

C. Authorize Plaintiffs counsel to issue notice at the earliest possible time to all current and former Sales Consultants employed by the Defendant during the six (6) years immediately preceding this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

D. Certify one class of individuals who were employed by the Defendant as Sales Consultants or similar positions in the state of Illinois at any time during the relevant statute of limitations period who worked more than 40 hours in a week, but did not receive overtime pay and who were not paid their full compensation semi-weekly;

E. Certify a class of women who were employed by Defendant and who suffered adverse employment action because of their sex/gender as a result of a company-wide policy of gender discrimination;

F. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt-in to this action;

      ii   Willfully violated overtime provisions of the FLSA;

      iii. Willfully violated overtime provisions of Illinois Law;

      iv. Willfully violated wage payment provisions of Illinois Law;

G. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

H. Award interest on all overtime compensation due accruing from the date such amounts were due;

I. Award an equal amount as liquidated damages for all FLSA claims;

J. All costs and attorney's fees incurred prosecuting this claim;

K. Leave to amend to add claims under applicable state and federal laws;

L. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

M. For such further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

Dated: September 19, 2011                       Respectfully Submitted

                                                    /s/ Nicholas Lane_____
                                                    One of the Attorneys for the Plaintiffs

Nicholas Lane
LAW OFFICES OF NICHOLAS S. LANE
35 E. Wacker Drive Fl. 9
Chicago, IL 60601
Phone: (312) 854-7160
Fax: (312) 376-1524

Terrence Buehler
Touhy, Touhy & Buehler, LLP
55 W. Wacker Dr., Suite 1400
Chicago, IL 60601
(312) 372-2209