UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA DOMINGUEZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>MICRO CENTER SALES CORPORATION, a Delaware corporation,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 11 C 8202<br><br>Judge Feinerman |

### MEMORANDUM OPINION AND ORDER

Plaintiff Martha Dominguez worked as a Sales Consultant for Defendant Micro Center Sales Corporation. Doc. 1 at ¶¶ 9, 52. Micro Center employs Sales Consultants in Illinois and others nationwide, each with similar job duties. *Id*. at ¶¶ 12, 34. Dominguez alleges in this suit that she and other Sales Consultants regularly worked over forty hours per week without overtime pay and regularly were required to stock shelves without any pay. *Id*. at ¶¶ 16, 19-20. Dominguez also alleges that Micro Center pays female employees less than male employees and routinely fails to promote women, and that she twice was passed over for promotions awarded to less experienced men. *Id*. at ¶¶ 21-22, 54, 56. And she alleges that she was terminated on January 5, 2011, for complaining about being denied promotions. *Id*. at ¶¶ 53-54.

The complaint seeks redress for this alleged misconduct under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*., and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Dominguez seeks

-1-

to represent a class of all Micro Center Sales Consultants under the FLSA, a class of all Sales

Consultants in Illinois under the IWPCA and IMWL, and a class of all female Sales Consultants

under Title VII.  Doc. 1 at ¶¶ 9, 11-12, 23-25, 32-33.  Micro Center moves under Federal Rule of

Civil Procedure 12(b)(6) to dismiss the IWPCA claim in its entirety and the class and collective

action claims under all four statutes.  The motion is granted in part and denied in part.

## I.    IWPCA Claim

The IWPCA does not establish a substantive right to overtime pay or any other kind of

wage.  *See Hall v. Sterling Park Dist.*, 2011 WL 1748710, at *6 (N.D. Ill. May 4, 2011).  The

IWPCA simply requires an employer to "at least semi-monthly, … pay every employee all wages

earned during the semi-monthly pay period," 820 ILCS 115/3, with "wages" defined as "any

compensation owed an employee by an employer *pursuant to an employment contract or

agreement* between the 2 parties, whether the amount is determined on a time, task, piece, or any

other basis of calculation," 820 ILCS 115/2 (emphasis added).  As the emphasized text makes

clear, the IWPCA mandates overtime pay or any other specific kind of wage only to the extent

the parties' contract or agreement requires such pay.  *See Hess v. Kanoski & Assocs.*, 668 F.3d

446, 453-54 (7th Cir. 2012); *Lopez v. Smurfit-Stone Container Corp.*, 2003 WL 297533, at *3

(N.D. Ill. Feb. 10, 2003) ("The IWPCA [does] not create … entitlement to overtime wages.  In

fact, the Seventh Circuit has stated that the IWPCA merely requires 'that the employer honor his

contract.'") (quoting *Nat'l Metalcrafters v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986)).

The complaint does not allege the existence of an employment contract or agreement,

explicit or implicit, entitling Dominguez to overtime pay for overtime hours worked or to pay for

time spent stocking shelves.  Dominguez argues that the complaint alleges the existence of *some*

employment agreement, and also that the *FLSA* mandates overtime pay and makes stocking

shelves a compensable activity. Doc. 18 at 5-7. Those arguments miss the point; Dominguez

can state a IWPCA claim not by alleging the existence of *any* employment contract or agreement,

or by alleging a *statutory* right to certain wages, but only by alleging the existence of a contract

or agreement that specifically gives her a right to the wages she seeks. Because the complaint

makes no such allegation, the IWPCA claim is dismissed. *See Stark v. PPM Am., Inc.*, 354 F.3d

666, 672 (7th Cir. 2004) (rejecting an IWPCA claim for bonus pay where the employee "has no

employment contract setting out the terms of his bonus"); *Grant v. Bd. of Educ. of City of

Chicago*, 668 N.E.2d 1188, 1196 (Ill. App. 1996) (rejecting an IWPCA claim for payment of

accumulated unused sick leave where no contract required such pay); *DeMarco v. Nw. Mem'l

Healthcare*, 2011 WL 3510896, at *6 (N.D. Ill. Aug. 10, 2011) (rejecting an IWPCA claim for

hours worked off-the-clock where there was no evidence of any agreement requiring such pay);

*Skelton v. Am. Intercontinental Univ. Online*, 382 F. Supp. 2d 1068, 1074-75 (N.D. Ill. 2005)

(rejecting an IWPCA claim for overtime pay where no contract required such pay); *Palmer v.

Great Dane Trailers*, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005) ("Because GDLP did

not breach any contractual obligation to pay overtime, no IWPCA claim exists.").

## II.     Title VII Class Claim

Micro Center argues that the Title VII class claim should be dismissed for failure to

exhaust administrative remedies and also because it fails to satisfy the pleading standards in *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Dominguez declines to defend the Title VII

class claim and requests leave to withdraw it. Doc. 18 at 2. Micro Center does not oppose

Dominguez's request.  Doc. 20 at 2 n.1.  Accordingly, having been withdrawn, the Title VII class

allegations are stricken under Rule 12(f) as "immaterial."  Fed. R. Civ. P. 12(f).

### III.    FLSA Collective Action Claim and IMWL Class Action Claim

Micro Center argues that the complaint does not allege facts sufficient to support a FLSA

collective action or an IMWL class action.  As a general rule, whether a suit can be maintained as

a class or collective action is determined not on a Rule 12(b)(6) motion, but on a motion to

certify a class action under Rule 23 or a motion to certify a collective action under 29 U.S.C.

§ 216(b).  *See Howell v. Rush Copley Med. Grp. NFP*, 2012 WL 832830, at *2-3 (N.D. Ill. Mar.

12, 2012); *Howard v. Renal Life Link, Inc.*, 2010 WL 4483323, at *2 (N.D. Ill. Nov. 1, 2010);

*Holtzman v. Caplice*, 2008 WL 2168762, at *2-3 (N.D. Ill. May 23, 2008); 7B Wright, Miller &

Kane, Federal Practice & Procedure § 1798 (3d ed. 2005).  An exception to the general rule

applies where the complaint reveals fatal deficiencies with class or collective action claims that

warrant their dismissal at the pleading stage.  *See Wright v. Family Dollar, Inc.*, 2010 WL

4962838, at *1 (N.D. Ill. Nov. 30, 2010).

The exception does not apply here.  The complaint alleges that Sales Consultants at

Micro Center—Dominguez and her colleagues—regularly worked over forty hours per week and

regularly were required to stock shelves for no compensation.  Doc. 1 at ¶¶ 16, 19-20.  The class,

the complaint further alleges, consists of at least 300 Sales Consultants.  *Id*. at ¶ 34.  These

allegations are sufficient to plead an IMWL class action and a FLSA collective action.  *See*

*Sanchez v. Haltz Constr., Inc.*, 2012 WL 13514, at *3-4 (N.D. Ill. Jan. 4, 2012); *Howard*, 2010

WL 4483323, at *3; *Nicholson v. UTi Worldwide, Inc.*, 2010 WL 551551, at *2-4, 6 (S.D. Ill.

Feb. 12, 2010).

Micro Center expresses concern that Dominguez and her lawyers are on a fishing expedition and have not adequately investigated whether other Sales Consultants have viable wage claims. Doc. 11-1 at 12. The adequacy of the inquiry conducted by a plaintiff and her counsel is not an appropriate consideration on a Rule 12(b)(6) motion. By pleading class and collective action claims, Dominguez's attorney "certifie[d] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Micro Center will have recourse if a certification is denied and it turns out that counsel did not conduct an adequate investigation before pleading this case as a class and collective action. *See Ret. Chi. Police Ass'n v. Firemen's Annuity & Benefit Fund of Chi.*, 145 F.3d 929, 933-35 (7th Cir. 1998) (affirming Rule 11 sanctions against an attorney for bringing a class action with no factual basis to believe that large portions of the proposed class had a claim).

## Conclusion

For the foregoing reasons, the IWPCA claim is dismissed without prejudice. Dominguez may seek leave to file an amended complaint that attempts to replead the IWPCA claim. The Title VII class allegations are withdrawn and stricken. Dominguez may proceed with her individual claims under Title VII, the FLSA, and the IMWL, and with her class claims under the FLSA and the IMWL.

May 15, 2012

_____
United States District Judge